## Nathan Harris *versus* Thomas Seal & al.

Referees being judges agreed upon by the parties, their mere errors in judgment afford, ordinarily, no ground for a recommitment of their doings.

And if the errors complained of originated from oversight or accident, they should be so alleged by the party objecting, and distinctly pointed out; and unless this is done, the District Court may well refuse to go into evidence concerning them.

By the Rev. St. c. 38, the decision of a District Judge, accepting or rejecting a report of referees, are subject to revision in this Court by exceptions.

Exceptions from the Western District Court, Goodenow J. presiding.

This was an award under a rule of reference, entered into before a justice of the peace pursuant to the provisions of the Revised Statutes.

The defendants objected to the acceptance of the award, and offered to prove that great and manifest errors were made by the referee, by which the defendants were greatly damnified, and that various items of claims proved by them against the plaintiff were not allowed by him as evidence, that his opinion and judgment were under the influence of prejudice or partiality, but they expressly disclaimed any imputation of corruption or general want of integrity. This evidence the Judge refused to admit, and ruled, that the report could be neither recommitted or rejected for either of the reasons the defendants moved, unless the referee should testify that he had become satisfied that errors or mistakes existed in his award which rendered a revision of it necessary. The report had been once before recommitted on motion of the defendants.

To the foregoing rulings and directions of the Judge the defendants excepted.

*Codman & Fox,* for the defendants, said that this was not a submission at common law, or by rule of Court, but under the Rev. St. c. 138, and was not binding and conclusive upon the parties until judgment was duly entered upon the report according to law. The Court may accept, reject, or recommit the report. By § 13 it is provided, that either party may file exceptions to any decision of the District Court accepting or rejecting a report, and that the Supreme Judicial Court, upon a hearing of the cause, may give such judgment as the District Court ought to have rendered. We contend, that the evidence offered shew a good cause for recommitting the report. The report is, in fact, outrageously oppressive and unjust upon the defendants. And whatever may have been the general character of the referee for integrity, if his judgment in this particular case was influenced by partiality or prejudice, the report should be rejected, or at least recommitted, that the facts may be laid before the Court. *North Yarmouth* v. *Cumberland,* 6 Greenl. 25.

*D. Hayes,* for the plaintiff,

An award will not be set aside, unless fraud, clear mistake, corruption, or want of power is clearly made to appear. *Brown* v. *Bellows,* 4 Pick. 179; *Spear* v. *Hooper,* 22 Pick. 145; *Dean* v. *Coffin,* 17 Maine R. 52; *Tyler* v. *Dyer,* 13 Maine R. 41.

An award will not be set aside, unless some illegality appear on the face of the award itself. 8 Com. L. R. 265; 17 Com. L. R. 129.

An award is to be construed liberally. *Spear* v. *Hooper,* 22 Pick. 145.

The question as to recommitment, acceptance or rejection of an award is one of discretion, and not of law, and is not subject to be brought to this Court by exceptions. *Walker* v. *Sanborn,* 8 Greenl. 288, *Cutler* v. *Grover,* 15 Maine R. 159; *Clapp* v. *Hanson,* 15 Maine R. 345.

An award is the decision of Judges of the parties' own choosing, and has all the conclusiveness of other judgments. 16 Maine R. 380; 17 Maine R. 173.

Mere intimations, that referees have conducted fraudulently, will not be regarded. Objections to referees should be made before proceeding with the hearing; and are waived by proceeding without objection. 10 Pick. 275; 18 Maine R. 372; 20 Maine R. 98.

The opinion of the Court was drawn up by

WHITMAN C. J. — The parties entered into a rule of reference before a justice of the peace, as provided by the Revised Statutes, c. 138. The referee agreed upon made his report, which was presented for acceptance in the District Court, where objections were made by the defendants to its acceptance, which were overruled; and the case is now before us upon exceptions taken to the decision.

The District Court is authorized to accept, reject or recommit such a report. In the case of *Walker* v. *Sanborn*, 8 Greenl. 288, it is said, that a motion to recommit a report of referees, under a rule of Court, is addressed to the discretion of the Court; and no doubt a report of referees, under a rule entered into before a justice of the peace, must be regarded as in a similar predicament. If a motion to recommit, in the one case, is addressed to the discretion of the Court, it must be equally so in the other. It is similar to a motion for a new trial at common law, in granting which a Court will exercise a sound discretion. A motion to recommit is the only remedy, which a party has in case of important oversights on the part of the referees, operating to produce injustice; or in the case of newly discovered evidence, which would essentially alter the state of the case. Motions to *reject* a report for such causes would not be listened to. A party, then, if he has important newly discovered evidence, or can substantiate the existence of material oversights on the part of referees, must have a right to move for a recommitment. If allowed an investigation upon his motion, and he should fail to convince the Court, that justice would be promoted by a recommitment, and it should be, thereupon, refused, as decided in the case above cited, there would be no legal ground for exceptions.

The language used in deciding that case, however, seems to go further, and to hold, that a refusal to enter into an investigation upon such motion, is not exceptionable. But the motion in that case was predicated upon objections, which were clearly untenable. The Court might, in such case, well refuse to hear evidence in support of them ; and the decision, as applicable to that case, was undoubtedly correct. But if a motion were made for causes, which, if substantiated, should induce a recommitment, or a new trial, and the Court should refuse to entertain the motion, we can but think it would be error in law, and that, under our statutes, summary exceptions should be sustained, if taken to such ruling.

In the case at bar, the defendants moved for a recommitment, and for a . rejection also, of the report. To induce a recommitment, it may be presumed, that the allegation, offered to be proved, that "great and manifest errors were made by the referee," was relied upon. These errors were not designated. Whether they were from accident or mistake, or were errors in judgment, does not appear. If of judgment it would ordinarily afford no ground for a recommitment. The parties having agreed upon a referee as their judge, must be content with his adjudication. If the errors originated from oversight or accident, they should have been so alleged, and have been distinctly pointed out. Till so pointed out the Court might well refuse to go into evidence concerning them ; and *a fortiori* might refuse to go into an examination under such a general allegation of errors as is contained in the bill of exceptions.

The motion for a rejection of the report, we must suppose, was grounded upon the allegation of prejudice or partiality in the referee, and preceded the motion for a recommitment ; for it would savor of absurdity to move for a recommitment to a referee affected with prejudice or partiality, such as could have induced him to do injustice in the first instance. This allegation appears to have been made, in connexion with a declaration disavowing "any imputation of corruption, or general want of integrity" in the referee. That a person may be under the influence of prejudice or partiality, without being corrupt,

Harris *v.* Seal.

may be admitted, perhaps; but to be so much under the influence of either as to induce him to make a wrong decision in a case referred to him, without being liable to an imputation of corruption, may not be so readily admitted. What the degree of prejudice or partiality intended to be imputed was; whether productive of an erroneous decision or not, is not stated. It is said in the authorities, that an award may be set aside for gross prejudice and partiality; meaning no doubt such a state of feeling, towards one party or the other, as can be believed to have been productive of an unjust decision. It may be doubted whether any cause was ever decided by jury, some one or more of whom were not under the influence of some degree of prejudice or partiality; yet who ever heard of a motion to set aside a verdict for such cause, unless the prejudice or partiality was gross; and manifested by some overt act or declaration? Jurors, nevertheless, are not selected by the parties. Referees are selected by them. They know or ought to know what reliance for intelligence and integrity can be placed upon them, before agreeing upon them as their judges. The belief, after a decision of a tribunal so constituted, that they were swayed by prejudice or partiality should be admitted with caution; and never, without its effects are manifested by unequivocal and specific acts. On the whole we are of opinion, that the matter of grievance, set forth in the bill of exceptions, is not sufficient to authorize us to overrule the decision of the Judge in the Court below.

*Exceptions overruled.*